IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA LEON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | Judge |
| JAM N' HONEY, INC., and CAESAR ) | |
| ITALIAN RESTAURANT, INC., ) | Magistrate Judge |
| ) | |
| Defendants ) | |
| ) | |

## COMPLAINT

Plaintiff Maria Leon, through her attorneys, against Defendants Jam N' Honey, Inc., Caesar Italian Restaurant, Inc., (hereafter "Defendants") states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and Chicago Minimum Wage Ordinance ("CMWO") 1-24-010 *et seq.*, for Defendants': 1) failure to pay minimum wages to Plaintiff in violation of the FLSA, IMWL, and CMWO; and 2) failure to pay overtime wages to Plaintiff in violation of the FLSA and the IMWL.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred within this judicial district.

### III. PARTIES

**Plaintiff**

3. During the course of her employment, Maria Leon:

   a. handled goods that moved in interstate commerce;

   b. Was an "employee" of Defendants as that term is defined by the FLSA, IMWL, and the CMWO;

   c. Was not exempt from the minimum wage or overtime requirements of the FLSA, IMWL and CMWO; and

   d. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendants**

4. Within the relevant time period, Defendant Jam N' Honey, Inc:

   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

   c. Has had two or more employees that have handled goods that have moved in interstate commerce; and

   d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq.*, and the CMWO 1-24-010.

5. Within the relevant time period, Defendant Caesar Italian Restaurant, Inc:

    a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;

    b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c. Has had two or more employees that have handled goods that have moved in interstate commerce; and

    d. Has been Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq.*, and the CMWO 1-24-010.

    e. Has done business as Franconello's Italian Restaurant.

### IV. FACTUAL BACKGROUND

6. Jam N Honey, Inc., operates a restaurant located on 958 N Webster Ave., in Chicago, Illinois.

7. Caesar Italian Restaurant, Inc., operates a restaurant named Franconello's Italian Restaurant on 10222 S Western Ave., in Chicago, Illinois.

8. Within the three years prior to the filing of this lawsuit, Plaintiff was employed by Defendants to work as a waitress at Defendants' Restaurants.

9. Defendants Jam N' Honey, Inc., and Caesar Italian Restaurant, Inc., are commonly owned and operate as a unified operation.

10. Defendants Jam N' Honey, Inc., and Caesar Italian Restaurant, Inc., shared common human resources during the relevant time period.

11. Defendants Jam N' Honey, Inc., and Caesar Italian Restaurant, Inc., shared control over Plaintiff's employment.

12. Defendants Jam N' Honey, Inc., and Caesar Italian Restaurant, Inc., were Plaintiff's joint employers.

13. Within the three years prior to the filing of this lawsuit, Defendants regularly directed Plaintiff to work in excess of forty hours per individual work weeks but Defendant failed to pay Plaintiff at time and half Plaintiff's regular rate. For example:

   a. Plaintiff was directed to work a combined excess of forty hours per individual work week at Defendants' multiple restaurants but was not compensated by Defendants at time and a half the Federal, Illinois and Chicago mandated minimum rate of pay for the hours she worked in excess of forty (40) per week;

14. Defendants' failure to compensate Plaintiff for all time worked in excess of forty (40) hours per week at time a half the federal, Illinois and Chicago mandated minimum rate of pay violated the overtime requirements of the FLSA, the IMWL, and the CMWO.

15. Additionally Plaintiff's hourly wage was regularly below the minimum wage mandated by the FLSA, IMWL and the CMWO.

## COUNT I
### Violation of the FLSA – Minimum Wages

Plaintiff incorporates and realleges paragraphs 1 through 15 as though set forth herein.

16. This Count arises from a violation of the FLSA for Defendants' failure to pay Plaintiff not less than the federally-mandated minimum wage rate for all hours worked in individual work weeks as described more fully in paragraph 15, *supra*.

17. Defendants suffered and permitted Plaintiff to work in certain work weeks in the three years prior to Plaintiff filing this lawsuit.

18. Plaintiff was not exempt from the minimum wage provisions of the FLSA.

19. Plaintiff was entitled to be paid not less than the federally-mandated minimum wage for all hours worked in individual work weeks.

20. Defendants did not pay Plaintiff the federally-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraph 15, *supra*.

21. Defendant's failure to pay Plaintiff the federally-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the FLSA.

22. Plaintiff is entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage rate paid to Plaintiff.

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. That the Court enjoying Defendants from violating the FLSA;

D. Reasonable attorneys' fees and costs of this action as provided by the FLSA;

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the IMWL - Minimum Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 22 as though set forth herein.

23. This Count arises from Defendants' violation of the IMWL for their failure to pay Plaintiff the Illinois mandated minimum wage rate for all time worked in individual work weeks as described more fully in paragraph 15, *supra*.

24. Defendants suffered or permitted Plaintiff to work within the three years prior to the filing this lawsuit.

25. Plaintiff was not exempt from the minimum wage provisions of the IMWL.

26. Plaintiff was entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

27. Defendants did not pay Plaintiff the Illinois-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraph 15, *supra*.

28. Defendant's failure to pay Plaintiff the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

29. Pursuant to Section 12(a) of the IMWL, Plaintiff is entitled to recover unpaid wages and statutory interest for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all wages owed due to Plaintiff as provided by the IMWL;

B. That the Court declare that Defendants have violated the IMWL;

C. That the Court enjoin Defendants from further violating the IMWL;

D. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/12;

E. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the CMWO– Minimum Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 29 as though set forth herein.

30. This Count arises from Defendants' violation of the CMWO for their failure to pay Plaintiff the Chicago mandated minimum wage rate for all time worked in individual work weeks as described more fully in paragraph 15, *supra*.

31. Defendants suffered or permitted Plaintiff to work within the three years prior to the filing this lawsuit.

32. Plaintiff was not exempt from the minimum wage provisions of the CMWO.

33. Plaintiff was entitled to be paid not less than the city of Chicago-mandated minimum wage for all hours worked in individual work weeks.

34. Defendants did not pay Plaintiff the Chicago-mandated minimum wage for all hours worked in individual work weeks as described more fully in paragraph 15, *supra*.

35. Pursuant to CMWO 1-24-110, Plaintiff is entitled to recover unpaid minimum wages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all unpaid minimum wages due to Plaintiff as provided by the CMWO;

B. Liquidated damages in an amount three time the amount of That the Court declare that Defendants have violated the CMWO;

C. That the Court enjoin Defendants from further violating the CMWO;

D. Fines of $1000.00 for each offense as provided for in CMWO 1-24-100;

E. Reasonable attorneys' fees and costs of this action as provided by the CMWO 1-24-110;

F. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Fair Labor Standards Act- Overtime Wages

36. Plaintiff incorporates and re-alleges paragraphs 1 through 35 of this Complaint, as though set forth herein.

37. The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

38. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

39. Plaintiff was not exempt from the overtime wage provisions of the FLSA.

40. Defendants violated the FLSA by failing to compensate Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

41. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks.

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants have violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just

## COUNT V
### Violation of the Illinois Minimum Wage Law- Overtime Wages

42. Plaintiff incorporates and re-alleges paragraphs 1 through 41 of this Complaint, as though set forth herein.

43. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

44. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

45. Plaintiff was not exempt from the overtime wage provisions of the IMWL.

46. Defendants violated the IMWL by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiff's regular rate of pay.

47. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all overtime wages due to Plaintiff as provided by the IMWL;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants have violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the CMWO- Overtime Wages

48. Plaintiff incorporates and re-alleges paragraphs 1 through 47 of this Complaint, as though set forth herein.

49. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the CMWO.

50. Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual work weeks during her employment with Defendants.

51. Plaintiff was not exempt from the overtime wage provisions of the CMWO.

52. Defendants violated the CMWO by failing to compensate Plaintiff for all time worked in excess of forty (40) hours in individual work weeks at time and a half at least the minimum wage mandated by the CMWO.

53. Pursuant to CMWO 1-24-110, Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all overtime wages due to Plaintiff as provided by the CMWO;

B. Liquidated damages in the amount equal to three times the unpaid overtime wages;

C. That the Court declare that Defendants have violated the CMWO;

D. That the Court enjoin Defendants from violating the CMWO;

E. Reasonable attorneys' fees and costs of this action as provided by the CMWO, 1-24-110; and

F. such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: October 7, 2016

s/Alvar Ayala
Alvar Ayala
Christopher J. Williams
Workers' Law Office, P.C.
53 W. Jackson Blvd., Suite 701
Chicago, Illinois 60604
(312) 795-9121

Plaintiff's Attorneys